**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| DIANA ROSSER,<br><br>     Plaintiff,<br><br>v.<br><br>PROVO CITY, J. ORGILL, J. OTTE, M. BRANDLEY, MICHAEL ANTHONY PISTONE, WILLIAM G. SHIPE, CAMPING COMPANIES, KEVIN CAMPING, DOUG CAMPING, VW CREDIT INC., ANDREW STEWART, GERD KLAUSS, MARTIN LUEDTKE, and KATHARINE BROWN,<br><br>     Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:12-cv-00739<br><br>United States District Court<br>Judge Clark Waddoups<br><br>Magistrate Judge Dustin Pead |

This matter was referred to Magistrate Judge Dustin Pead by District Judge Clark

Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B) (Document Number 2).[1]  Currently pending

before the Court are the following motions:  (1) Plaintiff Diana Rosser's (Plaintiff) Motion For

An Extension Of Time (Document Number 14); (2) Defendant Provo City and Defendant police

officers Jonathan Orgill, Joseph Otte and Matthew Brandley's (collectively "Defendants")

Motion To Dismiss For Failure To State A Claim (Document Number 7); (3) Plaintiff's Motion

To Deny Motion To Dismiss (Document Number 16); (4) Defendants' Motion To Strike

---

[1]The case was originally assigned to Magistrate Judge Brooke Wells, but subsequently transferred to Magistrate Judge Dustin Pead.  Although not a motion, Plaintiff has filed a document entitled "Opposition and Non-Consent To Any Magistrate" challenging 28 U.S.C. § 636(b)(1)(B) and indicating that she does not consent to "a magistrate to operate in any way in this matter." (Document Number 36).   Of note, a magistrate referral under 28 U.S.C. § 636(b)(1)(B) does not require a party's consent, and allows a magistrate to issue proposed findings of fact and recommendations to the District Court regarding dispositive motions.

(Document Number 20); (5) Plaintiff's Motion To Strike All Documents And Motions Filed By Defendants (Document Number 30); (6) Plaintiff's Motion For Separate Counsel (Document Number 33); and (7) Plaintiff's Motion For An Extension Of Time For Service (Document Number 34).

## Background

On July 30, 2012, Plaintiff filed her Complaint "pursuant to sections 1983, 1985, 1986, and 1988. . . Tile 28 USC Section 1343 (A)(3)(4), Section 1331, and pursuant to the 14th Amendment, Title 42 USC Section. 1983, and the Civil Rights Act of 1970" alleging that "State Officials acting under the color of law [committed] . . . fraud, conspiracy, grand theft [and] . . . civil rights violations."  (Document Number 1).[2]  Plaintiff states causes of action for "depriving liberty and property," failing to "properly train and supervise its employees," and "Respondent [sic] Superior."  Id.  As a result of Defendants' actions, Plaintiff seeks four million dollars in compensatory damages and three hundred and fifty thousand dollars in punitive damages.

## Motion To Dismiss Standards

Federal Rule of Civil Procedure 12(b)(6) provides that a case may be dismissed for "failure to state a claim upon which relief can be granted."  When evaluating a Rule 12(b)(6) motion to dismiss, "the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations."  Margae, Inc. v. Clear Link Tech., 620 F. Supp.2d 1284, 1285 (D. Utah 2009) (citing Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006), cert.

---

[2]Although Plaintiff filed an Amended Complaint on August 6, 2012, there is no evidence that the Defendants were served with the Amended Complaint and as a result the original complaint remains operative.  The summons executed as to Defendants City of Provo, Officer J. Otte, Officer M. Brandley, and Officer J. Orgill, was signed by the clerk of court on August 3, 2012—three days before the Amended Complaint was filed (Document Number 9).

denied, 549 U.S. 1209, 127 S.Ct. 1334, 167 L.Ed.2d 81 (2007); Mitchell v. King, 537 F.2d 385,

386 (10th Cir. 1976).  "Conclusory allegations are allegations that 'do not allege the factual

basis' for the claim."  Margae, Inc, at 1285 (citing, Brown v. Zavaras, 63 F.3d 967, 972 (10th

Cir. 1995)).

　　　While all reasonable inferences should be drawn in favor of the non-moving party, "a

complaint will only survive a motion to dismiss if it contains enough facts to state a claim to

relief that is plausible on its face."  Id. (citing, Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct.

1955, 1964-65 (2007)).  "[P]lausibility in the context of determining the sufficiency of a

complaint refer[s] to the scope of the allegations in a complaint:  if they are so general that they

encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged

their claims across the line from conceivable to plausible."  Christensen v. Park City Mun. Corp.,

554 F.3d 1271, 1276 (10th Cir 2009) (internal quotations omitted).  The requirement of

plausibility "serves not only to weed out claims that do not (in the absence of additional

allegations) have a reasonable prospect of success, but also to inform the defendants of the actual

grounds of the claim against them."  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Analysis**

**1.  Plaintiff's Motion For Extension Of Time, Defendants' Motion To Dismiss, Plaintiff's Motion To Deny Motion To Dismiss & Defendants' Motion To Strike**

　　　On October 2, 2012, Plaintiff filed a "Motion For Time" requesting an additional thirty

(30) days within which to file an opposition to Defendants' Motion To Dismiss (Document

Number 14).  Concluding that Plaintiff's out of state family emergency constitutes good cause,

the Court hereby recommends that Plaintiff's motion for an extension of time be granted and in

doing so, shall consider Plaintiff's opposition[3] to Defendant's Motion To Dismiss as filed on

October 9, 2012 (Document Numbers 15 and 16).   As a result, the Court also recommends that

Defendants' Motion To Strike the Plaintiff's Opposition To Motion To Dismiss (Document

Number 15), Motion To Deny Motion To Dismiss (Document Number 16), and Memorandum In

Support of Opposition To Motion To Dismiss (Document Number 17), on the grounds that the

motions are untimely, be DENIED (Document Number 20).

On August 31, 2012, Defendants filed a "Motion To Dismiss" seeking dismissal of

Plaintiff's complaint (Document Number 7).  Plaintiff opposes dismissal, arguing that the

Defendants' motion is based upon hearsay and that the Defendants are not protected under

qualified immunity (Document Number 15).

As an initial matter the court finds that Plaintiff's complaint lacks facial plausibility since

it fails to articulate any clear factual or legal basis for the alleged claims and relies entirely upon

unsupported and conclusory allegations.  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  Hall v. Witteman, 584 F.3d 859, 863 (10th Cir. 2009)

(quoting, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  When "analyzing the sufficiency of the

plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual

contentions, not his conclusory allegations."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

1991); *see also* Gallagher v. Shelton, 587 F.3d 1063, 1068 (10th Cir. 2009) ("[c]onclusory

---

[3]On October 9, 2012, Plaintiff filed two separate documents entitled: (1) "Plaintiff's
Opposition To Motion To Dismiss And Opposition To Memorandum In Support Of Motion To
Dismiss" (Document Number 15); and (2) "Motion To Deny Motion To Dismiss For Defendants
Provo City, Otte, Orgill And Brandley" (Document Number 16).  While the second document is
titled as a motion, both documents appear to be pleadings in opposition to the Defendants'
Motion To Dismiss.

allegations are not enough to withstand a motion to dismiss.").   Plaintiff's complaint fails to provide any supporting factual averments that would allow the Court to make a reasonable inference that Defendants are liable for the misconduct alleged.  While Plaintiff claims that the Defendants committed fraud, conspiracy, grand theft, and a violation of her constitutional rights, the Complaint is entirely devoid of any facts that support those allegations and therefore the Court recommends that Defendants' Motion To Dismiss be granted.

Additionally, to the extent that Plaintiff asserts a claim based upon respondeat superior, her claim should also be dismissed since it is well established that "a municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  Further, Defendant law enforcement officers are entitled to qualified immunity that shields them "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."  Anderson v. Creighton, 483 U.S. 635, 638 (1987).

For these reasons, the Court recommends that Plaintiff's Motion For Extension of Time be GRANTED, Defendants' Motion To Strike be DENIED, Defendants' Motion To Dismiss the complaint be GRANTED and Plaintiff's Motion To Deny Motion To Dismiss be DENIED.

**2. Plaintiff's Motion To Strike All Documents And Motions Filed By Defendants**

On November 26, 2012, Plaintiff filed her "Motion To Strike All Documents And Motions Filed By Defendants Provo City, Otte, Orgill And Brandley And By Their Alleged Attorney Provo City Attorney's; Motion For Immediate Decision To Strike" (Document Number 30).  Plaintiff argues that the Provo City Attorney's Office cannot act as counsel in this matter because "a lawyer cannot continue employment if the lawyer knows or believes that s/he is or

may be a witness necessary to establish an essential fact on behalf of the client." <u>Id</u>. at 1.
Defendants oppose the motion arguing that the attorney of record, Gary D. Millward of the Provo
City Attorney's Office, is not a necessary witness and has no ethical or legal obligation to
withdraw as named counsel (Document Number 31).

Upon consideration, the court finds that Plaintiff fails to provide any support for her
claim that the Provo City Attorney's Office cannot act as legal counsel in this matter.  Plaintiff
provides no factual support or argument in support of her conclusory claims alleging a conflict.
Attorney Millward, on the other hand, indicates that he has "no knowledge or belief" that he
would be a necessary witness in the case, and does not have first-hand knowledge of the events,
or any involvement with the prosecutor's screening decisions (Document Number 31 at 2).

Accordingly, the Court finding no cognizable reason to strike Defendants' pleadings and
hereby recommends that Plaintiffs' Motion To Strike All Documents Filed By Defendants be
DENIED.

**3.  Plaintiff's Motion For Separate Counsel**

On December 13, 2012, Plaintiff filed her Motion For Separate Counsel, asking the court
to require that each Defendant obtain separate counsel for purposes of legal representation in this
case because the "[s]taff and authorized agents of Provo City Attorney's office shall be deposed
and called as <u>key</u> witnesses in this case and ethically cannot represent defendants." (Document
Number 33).  Defendants object, arguing that attorney of record Gary Millward is not a necessary
witness in this case and therefore his disqualification as the attorney of record for all Defendants
is not required (Document Number 35).

Pursuant to Utah Rule of Professional Conduct 3.7, as adopted by this Court through
District of Utah Civil Rule 83-1.1(g), "[a] lawyer may act as advocate in a trial in which another

lawyer in the lawyer's firm is likely to be called as a witness" unless precluded from doing so under another Rule.  Consistent therewith, Defendants' attorney Gary Millward indicates even if another attorney in his office is called as a witness, he should not be disqualified because he is not a necessary witness and has no first-hand knowledge of the events giving rise to this matter.

Accordingly, for the reasons stated, the court finds that attorney Gary Millward of the Provo City Attorney's Office has no ethical or legal duty to withdraw as counsel of record and Defendants are not required to obtain separate legal counsel for purposes of representation in this matter.

As a result, the Court recommends that Plaintiff's Motion For Separate Counsel be DENIED.

## 5.  Plaintiff's Motion For Extension Of Service

On December 13, 2012, Plaintiff filed a motion for an extension of service seeking an additional sixty (60) days within which to serve Defendants VW Credit Inc., Gerd Klauss, Katherine Brown, Andrew Stewart and Martin Luedtke (Document Number 34).  As grounds for her request, Plaintiff contends that the Lake County, Illinois Sheriff's Department misplaced all but one of the complaints to be served and that a Deputy was unable "to locate a viable address to serve defendants." Id.[4]

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court. . . must dismiss the action without prejudice . . .or

---

[4] In support of her claim, Plaintiff attaches her affidavit attesting to the truth of the reasons for her failure to timely serve the remaining Defendants.  Of note, Plaintiff's affidavit indicates that it was sworn and subscribed before notary Michelle Griffiths on June 13, 2012, but was not actually signed by the notary until December 13, 2012.  Additionally, Plaintiff attaches affidavits of service from November, but fails, as required, to attach a copy of the issued summons.

order that service be made within a specified time."  If the Plaintiff shows good cause for a

failure to serve, however, the court must extend for an appropriate period of time.  <u>Id</u>.  Based

upon Plaintiff's representation that the Sheriff's Department misplaced the complaints, the Court

finds good cause to allow Plaintiff an additional thirty (30) days within which to serve her

complaint on the remaining Defendants.  Failure to do so, may result in dismissal.

Accordingly, the Court recommends that Plaintiff's Motion For Extension of Time To

Serve be GRANTED.

### Recommendation

Accordingly, IT IS HEREBY RECOMMENDED to the District Court that:

1. Plaintiff's Motion For Extension Of Time be GRANTED  (Document Number 14).

2. Defendants' Motion To Strike be DENIED (Document Number 20).

3. Defendants' Motion To Dismiss be GRANTED  (Document Number 7).

4. Plaintiffs' Motion To Deny Motion To Dismiss be DENIED  (Document Number 16).

5. Plaintiff's Motion To Strike be DENIED (Document Number 30).

6. Plaintiff's Motion For Separate Counsel be DENIED (Document Number 33).

7. Plaintiff's Motion For Extension Of Time For Service be GRANTED (Document
   Number 34).  Plaintiff shall have an additional thirty (30) days within which to
   properly serve the remaining Defendants.

Copies of the foregoing report and recommendation are being mailed to all parties who

are hereby notified of their right to object.  Any objection must be filed within 14 days after

being served with a copy.[5]  Failure to object may constitute a waiver of objections upon

subsequent review.

DATED this 30th  day of January, 2013.

_____
Dustin Pead,
Federal Magistrate Judge

---

[5] *See,* Fed. R. Civ. P. 72(b)(2).