IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| DIANA ROSSER,<br><br>                Plaintiff,<br><br>vs.<br><br>THE CITY OF PROVO, UTAH et al.,<br><br>                Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING OTHER MOTIONS, AND DISMISSING COMPLAINT**<br><br>Case No. 2:12-cv-0739 CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |
|---|---|

      In this action, Plaintiff Diana Rosser claims that the defendants deprived her of federally protected rights, for which she seeks damages. She represents herself, and accordingly, the court is required and does construe her pleadings liberally. Nevertheless, a party representing him or herself is not excused from complying with the rules or meeting all of the required elements to state a cause of action. Ms. Rosser's claims arise from the repossession of her car upon an allegation that she failed to make necessary payments. She alleges that when she learned that a tow truck was being attached to her car, she tried to stop the men from doing so, requested proof of court documents showing their right to take the car, and after one of the men roughly pushed her aside, she called the police. She alleges that the police did nothing to stop her car from being towed, and indeed, told her to give the men her keys, which she did to retrieve her personal items in the car. The defendants

1

include the towing company and the men who she alleges towed the car,[1] the credit company[2] she owed and Provo City and the officers who responded to her call. Ms. Rosser filed her original complaint on July 30, 2012, seeking relief under 42 U.S.C. §§ 1983, 1985, 1986 and 1988. (Dkt. No. 1). She filed an Amendment to the Complaint on August 6, 2012, apparently in an effort to supplement the factual allegations in the original complaint and attached an affidavit and a number of documents. (Dkt. No. 3). Ms. Rosser filed the Amendment within 21 days of filing her original complaint. Thus, the amendment was permitted to be filed as a matter of course without leave of court. Fed. R. Civ. P. 15. The Defendants Michael Pistone and Camping Companies answered the Complaint and Amendment to the Complaint on August 30, 2012. (Dkt. No. 4).

**The Magistrate Judge's Report and Recommendation**

Provo City and the defendant police officers[3] moved on August 31, 2012 to dismiss the complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 7). The court referred the motion, together with a number of related motions, to Magistrate Judge Dustin Pead, who filed a Report and Recommendation that the Complaint be dismissed. (Dkt. No. 40). Ms. Rosser objected to the Report and Recommendation. (Dkt. No. 43). The court hereby adopts the Report and Recommendation and the reasoning of Judge Pead. The motion by the Defendants Provo City and the police officers, Defendants Jonathan Orgill, Joseph Otte, and Matthew Brandley, to dismiss the Complaint and the Amendment (Dkt. No. 7) is GRANTED. The Defendants' Motion

---

[1] Defendants Camping Companies, Doug Camping, Kevin Camping, Michael Pistone and William Shipe.

[2] Defendant VW Credit Inc.

[3] Defendants Provo City, Jonathan Orgill, Joseph Otte and Matthew Brandley.

For Extension of Time (Dkt. No. 14) is GRANTED. The Defendants' Motion To Strike (Dkt. No. 20) is DENIED. The Plaintiff's Motion To Deny Motion To Dismiss (Dkt. No. 16) is DENIED. The Plaintiff's Motion to Strike (Dkt. No. 30) is DENIED. The Plaintiff's Motion For Separate Counsel (Dkt. No. 33) is DENIED. The Plaintiff's Motion for Extension of Time For Service (Dkt. No. 34) is DENIED as moot.

**The Remaining Pending Motions**

After the Report and Recommendation was filed and without seeking leave of court, on March 8, 2012, Ms. Rosser filed a "SECOND [AMENDMENT] TO COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS FOR DEPRIVATION OF RIGHTS UNDER 42 U.S.C. AND § 1983 ET SEQ.; COMPENSATORY DAMAGES; PUNITIVE DAMAGES. CIVIL RIGHTS VIOLATIONS" (hereinafter the "Second Amendment"). (Dkt. No. 51). Ms. Rosser states that the purpose of the amendment is "to clarify her statements of facts and to clarify her efforts to resolve this matter by informal proceedings prior to taking the matter public." (Dkt. No. 51, p.1). The towing and credit company defendants followed by moving to dismiss[4] all claims against them. (Dkt. Nos. 44, 52 and 62). Among other reasons, the remaining Defendants object that Ms. Rosser failed to seek leave of court or to obtain the consent of the opposing parties to file the Second Amendment and that in any event, the amendment would be futile because it fails to state a claim upon which relief can be granted. (Dkt. No. 62, pp. 5 6). The court GRANTS the motion, finding that although leave to amend should be freely granted when justice so requires, Ms. Rosser's

---

[4] The towing company defendants moved for judgment on the pleadings. The standards governing the motion are the same as a motion to dismiss. For purposes of this decision any distinction between the two motions would have no bearing on the outcome and the court will treat them the same in this decision.

amendment would be futile to cure the defects in her complaint. For the purpose of analysis, the court considers the Second Amendment as if leave to amend had been granted to assert the amended facts against the private actor defendants, Provo City and the police officers and considers the allegations in the Complaint, the Amendment and the Second Amendment as if they had been pled in a single complaint.

**Claims for Deprivation of Constitutional Rights**

The law is now well established that to assert a claim under Section 1983 a plaintiff must show "both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health*, No. 11-1171, 2013 U.S. App. LEXIS 12875, at *6 (10th Cir. June 24, 2013) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924 (1982)). Ms. Rosser fails to assert the necessary facts to meet these requirements. The essence of Ms. Rosser's claim is that her constitutionally protected rights were violated when Mr. Pistone, as an employee of the Camping Companies, roughly pushed her aside and towed her car. The Camping Companies were allegedly acting at the direction of VW Credit from whom Ms. Rosser had borrowed the money to buy the car. There is no allegation that these parties are anything other than private actors. When Ms. Rosser called the Provo City Police, they refused to stop the car from being towed and told Ms. Rosser to give her keys to the towing company employee to allow her to retrieve her personal property. This appears to be the basis on which she claims that the defendants were acting under color of state law.

Specifically, Ms. Rosser alleges that she suffered "physical and emotional abuse by Defendant Michael Pistone's actions of violent assault and battery on Plaintiff. The assault and battery on Plaintiff was condoned by Camping Companies, Doug Camping, Kevin Camping, Provo

4

Police Department, City of Provo, William Shipe and Michael Pistone even after Plaintiff sent lawful notification letters to try and settle this dispute." (Dkt. No. 51, pp. 10-11). Ms. Rosser alleges that VW Credit denied her of her constitutionally protected rights: "Plaintiff was denied due process when she was not allowed a hearing before the theft of her vehicle, violating her 5th and 14th amendment. VW Credit, Inc. in conspiracy with Camping Companies plotted and schemed to steal Plaintiffs car without due process, and so doing, committed criminal trespass, assault and battery, grand theft auto, and other violations that will show in discovery." (Dkt. No. 51, pp. 8).

To hold private actors liable for constitutional deprivations a plaintiff must allege sufficient facts to establish state action. While the court must consider the alleged facts as true and draw all inferences in favor of the plaintiff, the court is required to disregard conclusory allegations. Under Tenth Circuit law, the court must apply one of the following tests to determine whether a plaintiff has met the state action requirement: the "nexus test," the "public function test," the "joint action test," or the "symbiotic relationship test." *Wittner*, 2013 U.S. App. LEXIS 12875, at *11 12.

Under the nexus test the plaintiff must allege sufficient facts from which the court may infer that the state exercised coercive power over the challenged action. *Id.* Ms. Rosser fails to plead any facts that would allow the court to find or infer that the state, including for purposes of the analysis Provo City and the Provo Police, exercised any coercive power over the towing of her car. Ms. Rosser called the police after the towing was already under way. There are no facts to indicate that the police in any way directed or were involved in the decision to tow the car. Nothing would allow any inference that the police or Provo City in anyway coerced or directed the actions of the private actors about which Ms. Rosser complains.

Under the public function test a plaintiff must allege facts to allow at least an inference that

5

the challenged action is "a traditional and exclusive function of the state." *Wittner*, 2013 U.S. App. LEXIS 12875, at *17 (citing *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 157 58 (1978)). To satisfy this requirement, the Plaintiff must allege that the challenged action is an "exclusive" function reserved to the state. *Id.* The courts have observed that few actions fall within this requirement. There is no basis on the facts alleged by Ms. Rosser to conclude that repossession of her car was an exclusive function of the state and that the private actors were engaged in carrying out that function for or at the direction of the state. Moreover, there is no factual basis to conclude that the police actions caused her any injury. The police simply refused to stop the repossession and suggested she could retrieve her personal property more easily by cooperating. Ms. Rosser fails to satisfy this requirement.

Under the joint action test, a plaintiff must allege facts from which the court can find or infer that the private and state officials have "acted in concert in effecting the particular deprivation." *Wittner*, 2013 U.S. App. LEXIS 12875, at *18 (citing *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1453 (10th Cir. 1995)). Ms. Rosser alleges:

> Provo Police Officers interfered in a civil matter by intimidation, negligence and infliction of emotional stresses by forcing Plaintiff to give her car keys to Michael Pistone, by preventing and not allowing Plaintiff to remover her personal property from her vehicle, and conspired with Defendants, VW Credit, Inc., Camping Companies and Michael Pistone by Brandley confiscating Plaintiff's car keys and turning them over to Michael Pistone of Camping Companies, By Brandley forcing Plaintiff to give up her personal property to Camping [Companies]/VW Credit, Inc., not making sure tow drivers were in compliance with Provo City Codes and ordinances. Defendants Otte, Orgill and Brandley did not demand from Michael [Pistone] or William Shipe, any credentials, proof or authorization to trespass on private property from the land owner *(R909-19-3(8))*, or licenses to operate in the City of Provo and/if Camping Companies were in State Compliance. This matters falls under "[C]olor of Law"

> and becomes a state involvement when authorized agents of the state interfere in a civil matter and becomes a matter of conspiracy when [Plaintiff's] Constitutional Rights are being violated under color of law, Immunity is relinquished.

(Dkt. No. 51, p. 5).

In a sworn affidavit attached to her first Amendment, Ms. Rosser described the events involving the keys as follows:

> Officer Brandley told me if I wanted any of my personal belongings I had to give the tow truck people my car key or I would have to pick up my personal belongings in Salt Lake City for $50.00. I took my personal belongings out of the car and attempted to take the spare tire out, which didn't come with the car when I bought it but purchased it December of 2011. Officer Brandley said I could not take the radio, and etc. I told him radio was factory but the spare tire was mine. . . . I gathered my belongs and went home.

(Dkt. No. 3, p. 7 8, Diana Rosser Affidavit, signed 6/5/12, attached to the Amendment to Complaint).

In determining whether joint action has been established the courts apply a two-part approach:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Lee v. Estes Park*, 820 F.2d 1112, 1115 (10th Cir. 1987) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982)). Ms. Rosser fails to meet either requirement of this two-part approach. She

alleges no facts from which the court can infer that the credit company, the towing company or any of their employees were persons "for whom the state is responsible." She also alleges no facts from which the court can infer that the private actors "acted together with or [had] obtained significant aid from state official" such that the conduct should be chargeable to the state. The *Estes Park* case informs as to the proper application of the test. In that case, a private citizen made a "citizens arrest" accusing a person of trespassing on his private property. He claimed to be using a metal detector to locate property for a friend which had been washed away in a flash flood. The accused trespasser was driven by the land owner to the police station where he was charged with disorderly conduct. The charges were later dismissed. The accused trespasser then sued under Section 1983, claiming the land owner had deprived him of his constitutional rights by making a citizens arrest and transporting him to the police station. He claimed that the land owner had acted in concert with the police and acted under color of state law within the meaning of Section 1983. The trial court granted summary judgment in the land owner's favor which was affirmed on appeal. The appeals court explained that simply providing information, which the court found was the effect of the citizens arrest, does not constitute joint action. The fact that the police make the decision to proceed in a particular way once they have been asked to act in a situation does not constitute concerted action. *See Benavidez v. Gunnell*, 722 F.2d 615 (10th Cir. 1983).

Similarly, in this case Ms. Rosser called the police. Once they arrived, they confronted a situation in which Ms. Rosser claimed the towing company was acting without proper authority and was refusing her access to her personal property. The police assessed the situation, made a decision as to how best to preserve order and told Ms. Rosser she should cooperate by giving the key to the towing company employee so she could retrieve her personal property. Although Ms. Rosser alleges

that the officers "forced" her to give her key to the towing company, her sworn statement supports only that the officer told her that if she wanted her personal property she should give the key to the towing operator. Those facts fail to support any inference of force. Ms. Rosser could have refused and then retrieved her property from the impound yard. The facts Ms. Rosser pleads are not sufficient to establish concerted action between the private actors and the state to place the claim within the requirements of Section 1983. The facts she pleads also fail to support a claim that the police officers acted outside of their best judgment of how to preserve order in response to the 911 call to stop an apparently legitimate repossession of an automobile.

Finally, under the symbiotic relationship test a plaintiff must allege facts from which the court can find or infer that "the state 'has so far insinuated itself into a position of interdependence' with a private party [that] 'it must be recognized as a joint participant in the challenged activity.'" *Wittner*, 2013 U.S. App. LEXIS 12875, at *19  20 (citing *Gallagher*, 49 F.3d at 1451). Typically, this test applies only when the state has a contractual or other relationship with a private actor that has resulted in commingling their responsibilities. Ms. Rosser pleads no facts that would allow an inference that the private actors had assumed any responsibility or responsibilities that belong to any of the state actors. Her claims fail to meet the requirements of the symbiotic relationship test.

Having failed to provide facts sufficient to allow even an inference that the private actors were acting under color of state law, Ms. Rosser's claims that she has been deprived of her constitutional rights must fail. Similarly, Ms. Rosser's claims fail under Section 1985. To state a claim under this section, a plaintiff must allege facts to support class based animus or particularized allegations to support a conspiracy. Vague and conclusory allegations do not suffice. *See, e.g.*, *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 347 (5th Cir. 1981), *overruled in part on other grounds*

9

by *Mitchell v. Johnson*, No. 07-40996, 2008 U.S. App. LEXIS 17194 (5th Cir. 2008); *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir. 1964). Ms. Rosser does not allege any classed based claims, nor does she allege facts from which animus could be inferred. Claims under Section 1986 require that valid claims be pled under Section 1985 and Section 1988 does not create substantive rights absent valid claims under other sections. As a result all Ms. Rosser's federal causes of action fail. To the extent that Ms. Rosser attempts to state claims under state law, the court declines to accept supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Because the court has concluded that Ms. Rosser has failed to state claims upon which relief may be granted under federal law, all of the remaining pending motions are moot and, therefore, denied.

## Conclusion

The Defendants' Motions to Dismiss are GRANTED. (Dkt. Nos. 44, 52, 62, and 65). The following Plaintiff's motions are DENIED: Plaintiff's Motion to Vacate Order (Dkt. No. 46); Plaintiff's Motion to Deny and Opposition and Objections and Memorandum in Support (Dkt. No. 47); Plaintiff's Motion for Entry of Default as to Martin Ludtke, Kathrine Brown, Gerd Klauss and Andrew Stewart (Dkt. No. 53)[5]; Plaintiff's Motion for Entry of Default as to Martin Ludtke, Kathrine Brown, Gerd Klauss, and Andrew Stewart (Dkt. No.55); Plaintiff's Motion to Compel for Disclosure and Appropriate Sanctions of Defendants Camping Companies, Michael Pistone, Williams Shipe, Doug Camping, Kevin Camping and Memorandum in Support (Dkt. No. 61); Plaintiff's Motion to Strike Reply Memorandum (Dkt. No. 67); Plaintiff's Motion to Strike Memorandum in Opposition (Dkt. No. 69); Plaintiff's Motion to Strike Motion to Dismiss (Dkt. No. 71); Plaintiff's Motion for

---

[5] Notwithstanding the failure of these defendants to answer the complaint, Plaintiff fails to state any claim on which relief could be granted against them. The Plaintiff must state a viable claim even against a defaulting party.

10

Sanctions (Dkt. No. 72); Plaintiff's Motion and Decision for Trial Date (Dkt. No. 74); Plaintiff's Motion to Strike Defendant's Proposed Scheduling Order (Dkt. No. 82); Plaintiff's Motion to Strike Memorandum in Opposition (Dkt. No. 88); Plaintiff's Motion to Strike VW Credit's Objections and Responses (Dkt. No. 89); Plaintiff's Motion for Summary Judgment (Dkt. No. 91); and Plaintiff's Opposition and Motion to Strike and Memorandum in Support (Dkt. No. 98).

SO ORDERED this 27th day of August, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge